UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEGIS THERAPIES, INC., | Case No. 1:21-cv-00605-DAD-EPG |
| Plaintiff, | ORDER GRANTING, IN PART, MOTION TO CONFIRM INTERIM ENFORCEABILITY OF JUDGMENT OR ALTERNATIVELY FOR RULE 62 BOND |
| v. | |
| DYCORA TRANSITIONAL HEALTH – CLOVIS LLC, et al., | (ECF No. 60) |
| Defendants. | ORDER VACATING HEARING |

Plaintiff Aegis Therapies, Inc. filed this action against Defendants, various LLCs that operate skilled nursing facilities, on April 9, 2021. (ECF No. 1). Generally, the complaint alleges that Defendants failed to compensate Plaintiff as contractually required for specialized therapy services that Plaintiff provided to patients at Defendants' facilities.

On June 21, 2021, Plaintiff filed a request for entry of default judgment for sum certain (ECF No. 31). On July 29, 2021, the Court directed the Clerk to enter default judgment. (ECF Nos. 35, 36). On October 4, 2021, Defendants moved to set aside the default judgment under Federal Rule of Civil Procedure 60(b), which motion remains pending before the District Judge. (ECF No. 53).

On October 5, 2021, Plaintiff filed an application and proposed order for appearance and examination concerning property of the judgment debtors, which requested such examination occur on October 22, 2021. (ECF No. 55). On October 6, 2021, the Court entered a minute order

denying the application without prejudice:

> Before the Court is Plaintiff's application and proposed order for appearance and examination concerning property of the judgment debtors, which requests that such examination occur on October 22, 2021. (ECF No. 55). However, the Court notes that on October 4, 2021, Defendants filed a motion to set aside default judgment, which is pending further briefing and adjudication by the District Judge. (ECF No. 53). Because a ruling on the motion to set aside default judgment is unlikely to take place before October 22, 2021, and because such ruling could moot the application, IT IS ORDERED that the application (ECF No. 55) is denied without prejudice to refiling if the District Judge's ruling on the motion to set aside default judgment does not otherwise moot the application's request.

(ECF No. 56).

According to Plaintiff, this minute order has had unintended consequences:

> The Plaintiff has obtained a default judgment, abstract of judgment, and writ of execution against each Defendant in this litigation. (ECF 36, 45 and 49.) However, its collection efforts are now being stymied by Defendants' pending motion to vacate that default judgment. (ECF 53 and 55-56.) The Plaintiff has learned that the U.S. Marshals Service is hesitant to serve a valid writ of execution freezing assets held by the Defendants, based on a misunderstanding that the pending motion to vacate the default judgment prevents the writ from being served. But this Court has ordered no stay of the judgment, nor have the Defendants posted any bond guaranteeing their ability to satisfy the default judgment.

(ECF No. 60, p. 2; *see also id.* at 3 ("Plaintiff's counsel understands, from its conversations with the U.S. Marshals Service, that the U.S. Marshals Service was declining to serve a valid writ of execution freezing assets held by the Defendants based on the Magistrate Judge's October 6, 2021 minute order.")). Accordingly, Plaintiff filed the instant motion to confirm interim enforceability of judgment or alternatively for Rule 62 bond, asking "this Court to either clarify that it may collect on the judgment, notwithstanding the pending Rule 60(b) motion, or that Defendants must post bond to guarantee its satisfaction" under Federal Rule of Civil Procedure 62(b), which allows a party to obtain a stay after judgment is entered by providing a bond or other security. (*Id.*).

Defendants oppose the motion as unnecessary:

> The Court in no way issued a stay, but rather dismissed the Request on the basis that a ruling on Defendants' previously filed Motion to Set Aside Default Judgment could "moot the application." (ECF No. 56.) In its Order, the Court made it clear that after the District Judge ruled on Defendants' Motion, Plaintiff was free to refile its Request, so long as the decision did not moot the Request. (*Id.*) Presumably, the Court is intimately aware of the limited judicial resources and has decided not to squander them on examination's that will likely become

moot after Defendants' Motion to Set Aside Default Judgment is heard. (ECF No. 61, p. 4). Additionally, Defendants indicate that they do not wish to obtain a stay by posting a bond under Rule 62(b) and argue that the instant motion is untimely because it essentially asks for reconsideration of the Court's October 6, 2021, minute order although the fourteen days to seek reconsideration had passed pursuant to Local Rule 303(b) by the time the motion was filed.[1]

In reply, Plaintiff argues that it "agrees that this Court in no way issued a stay" but the instant motion is necessary "because the U.S. Marshals Service has interpreted the October 6, 2021 minute order pertaining to a debtor examination in such a way as to render it a *de facto* stay that prevents all judgment enforcement efforts." (ECF No. 63, p. 2). Additionally, Plaintiff argues that this motion is timely because it "does not ask this Court to reconsider its order, but to confirm that its order, which was limited in scope to a single debtor's examination, should not be misinterpreted as a wholesale stay of all judgment enforcement." (*Id.* at 5).

After reviewing the parties' briefs, it concludes that this motion may be determined without oral argument and will grant the motion to the extent that it requests clarification of the October 6, 2021 order. *See* LR 230(g). The Court will not order Defendants to post any bond.

As an initial matter, the Court agrees with Plaintiff that its motion does not seek reconsideration of this Court's order but seeks clarification for the benefit of the U.S. Marshals Service; thus, Local Rule 303(b)'s time limitations do not apply. As both parties properly note, the Court's October 6, 2021 order did not stay execution of all judgment enforcement efforts but was directed solely to the scheduling of a judgment debtor examination. *See* Fed. R. Civ. P. 60(c)(2) (noting that the mere filing of a Rule 60(b) motion "does not affect the judgment's finality or suspend its operation"). While Defendants argue that this order was sufficiently clear and need not be clarified, as Plaintiff points out, the U.S. Marshals Service has declined to serve a writ of execution based on its concern that it would be violating a stay on enforcement imposed

---

[1] Local Rule 303(b) provides as follows: "Rulings by Magistrate Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties, unless a different time is prescribed by the Magistrate Judge or the Judge."

3

by that order. Thus, the Court finds it reasonable to clarify its order so as to alleviate any confusion its order has caused with the U.S. Marshals Service.

Accordingly, IT IS ORDERED as follows:

1. The hearing noticed for December 1, 2021 in this case is vacated (ECF No. 62);

2. Plaintiff's motion to confirm interim enforceability of judgment or alternatively for Rule 62 bond (ECF No. 60) is granted, in part, to the extent that Plaintiff requests that this Court clarify its October 6, 2021 minute order (ECF No. 56);

3. The Court's October 6, 2021 minute order (ECF No. 56) is clarified to note that the order did *not* impose any stay of execution on judgment collection efforts in this case. Rather, that order is limited to the Court declining to schedule a judgment debtor examination until the motion to set aside default judgment is decided. Nothing in that order directed the U.S. Marshals Service to delay execution efforts related to judgment already entered.

IT IS SO ORDERED.

Dated: **November 29, 2021**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4