UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEGIS THERAPIES, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>DYCORA TRANSITIONAL HEALTH – CLOVIS LLC, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00605-KES-EPG<br><br>ORDER REGARDING MOTION TO WITHDRAW AS ATTORNEY<br><br>(ECF No. 97) |

This matter is before the Court on the motion of the law firm of Sheppard, Mullin, Richter & Hampton LLP (Sheppard Mullin) "to withdraw as counsel for Sweetwater Care Resource, LLC; The Vineyards at Fowler, LLC; Rancho Seco Care Center, LLC; Brookside Care Center, LLC, and Noble Care Center, LLC, each a third party claimant," collectively called the Sweetwater Third Party Claimants. (ECF No. 97, p. 2). As grounds, counsel for Sheppard Mullin contends that the Sweetwater Third Party Claimants have failed to maintain communication with counsel through the in-house counsel employed by the Sweetwater Third Party Claimants. As explained below, the Court will reset the hearing and require supplemental filings.

As an initial matter, counsel set the motion to withdraw for a hearing on November 17, 2025, before the assigned District Judge. However, under Local Rule 302(a), non-dispositive motions are handled by the undersigned. Accordingly, the hearing will be reset on a date compatible with the undersigned's calendar.

1

Local Rule 182(d) governs withdraw of counsel in these circumstances:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. **The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.** Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. LR 182(d) (emphasis added).

The motion here is supported by the declaration of Attorney Anna S. McLean. However, the affidavit does not state the current or last known address(es) of any of the Sweetwater Third Party Claimants. (ECF No. 97-1, pp. 2-3). Accordingly, the Court will require counsel to file a supplemental affidavit providing this information (and any other pertinent contact information) so that, if counsel is permitted to withdraw, the Court has an address for each of the Sweetwater Third Party Claimants to place on the docket.

As far as the efforts made to notify the Sweetwater Third Party Claimants of the motion to withdraw, the affidavit states "Sheppard Mullin has duly advised Sweetwater Third Party Claimants, by correspondence dated May 23, 2025 of its intention to withdraw and the reasons therefor. Additional emails were sent on July 23 and September 9 addressed to its General Counsel, of the reasons necessitating Sheppard Mullin's withdrawal in the matter and requesting that new counsel be retained." (ECF No. 97-1, p. 3). Additionally, the Court notes that counsel has filed a certificate of service stating that the motion and accompanying documents was served on General Counsel for the Sweetwater Third Party Claimants. (ECF No. 97-2). The Court will require counsel to serve a copy of this order and counsel's supplemental filings on the Sweetwater Third Party Claimants and to file proof of service on the docket.

Lastly, the Court notes that "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Accordingly, if their current counsel is permitted to withdraw, each Sweetwater Third Party Claimant will need to retain new counsel to litigate any matters in this case.

Accordingly, IT IS ORDERED as follows:

1. The November 17, 2025 hearing before the assigned District Judge is reset to November 20, 2025, at 10 a.m. before the undersigned.

2. An appropriate representative, such as General Counsel, for each the Sweetwater Third Party Claimants, is directed to appear at this hearing. Failure to appear may result in the granting of the motion without the opportunity to be further heard.

3. Counsel for all parties, including an appropriate representative for each of the Sweetwater Third Party Claimants, are permitted to participate telephonically, and each person participating is directed to use the following dial-in number and passcode: To connect to the telephonic conference, the parties shall (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode followed #, and (5) enter *6 to unmute.

4. By no later than September 23, 2025, counsel shall file a supplemental affidavit providing the current or last known address(es), and any additional contact information, for each of the Sweetwater Third Party Claimants.

5. By no later than September 23, 2025, counsel shall file proof of service of counsel's supplemental affidavit and this order as to each of the Sweetwater Third Party Claimants. Additionally, if counsel files any other documents, each document must likewise be served on each Sweetwater Third Party Claimant with an accompanying proof of service.

IT IS SO ORDERED.

Dated:   **September 16, 2025**         /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

3