UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AEGIS THERAPIES, INC.,

Plaintiff,

v.

DYCORA TRANSITIONAL HEALTH – CLOVIS LLC, *et al.*,

Defendants.

Case No. 1:21-cv-00605-KES-EPG

FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART

(ECF No. 50).

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS

Plaintiff Aegis Therapies, Inc. has filed a motion for attorneys' fees pursuant to the July 30, 2021, judgment by default for sum certain, (ECF No. 36), and Local Rule 293, seeking an award of attorneys' fees and costs in the amount of $25,460.75. (ECF No. 50). For the reasons set forth below, the Court will recommend that Plaintiff's motion for attorneys' fees be granted in part.

## I. BACKGROUND

On July 30, 2021, Plaintiff obtained a judgment by default for sum certain against Defendants Dycora Transitional Health – Clovis LLC; Dycora Transitional Health – Fowler LLC; Dycora Transitional Health – Fresno LLC; Dycora Transitional Health – Galt LLC; Dycora Transitional Health – Manchester LLC; Dycora Transitional Health – Memory Care of Fresno LLC: Dycora Transitional Health – Quail Lake LLC; Dycora Transitional Health – Reedley LLC; Dycora Transitional Health – Sanger LLC; Dycora Transitional Health – Weber Oaks LLC; and

Dycora Transitional Health – Tenacity LLC. (ECF No. 36); *see also* (ECF No. 35).

On August 27, 2021, Plaintiff filed a motion for attorneys' fees pursuant to the July 30, 2021, judgment and Local Rule 293, seeking an award of attorneys' fees and costs in the amount of $25,460.75. (ECF No. 50). Plaintiff has attached to its motion the declarations of Craig A. Tristao and Roger H. Stetson and corresponding exhibits. (ECF Nos. 50-1 through 50-5).

On June 3, 2025, Plaintiff filed a status report requesting that the motion for attorneys' fees, among other pending motions, be held in abeyance pending resolution of the parties' assignment process. (ECF Nos. 95 & 96). On September 2, 2026, after Defendants failed to file a response to a show cause order, Judge Sherriff ordered Plaintiff to either file an amended motion for attorneys' fees or a statement that it intended to stand on the pending motion, and referred the motion for attorneys' fees to the assigned magistrate judge. (ECF No. 111); *see also* (ECF No. 109). Plaintiff timely filed a status report indicating it intended to stand on its current motion. (ECF No. 114).

## II. ANALYSIS

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). California Civil Procedure Code § 1021 provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Further, "parties to actions or proceedings are entitled to their costs[.]" Cal. Civil Proc. Code § 1021.

Here, the terms of the agreements provide that Plaintiff shall be entitled to reasonable attorneys' fees and costs incurred to enforce the contracts. (ECF No. 1-1 at 3; ECF No. 1-2 at 3; ECF No. 1-3 at 3; ECF No. 1-4 at 3; ECF No. 1-5 at 3; ECF No. 1-6 at 3; ECF No. 1-7 at 3; ECF No. 1-8 at 3; ECF No. 1-9 at 3; ECF No. 1-10 at 3). Thus, the Court finds that Plaintiff is entitled to attorneys' fees and costs under California law.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 22 Cal.4th 1084, 1095 (2000). "[W]hen determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin.,*

*Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also PLCM Grp.*, 22 Cal.4th at 1095 ("The reasonable hourly rate is that prevailing in the community for similar work."). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The trial court is given "broad authority to determine the amount of a reasonable fee." *PLCM Grp.*, 22 Cal.4th at 1095.

Here, Plaintiff seeks attorneys' fees in the amounts that follow: $23,995.50 for work performed by its primary counsel at the hourly rates of $675.00 per hour, $525.00 per hour, and $480.00 per hour; $661.50 for work performed by prior local counsel at the hourly rate of $315.00 per hour; and $951.75 for work performed by current local counsel at the hourly rates of $410.00 per hour, $325.00 per hour, and $185.00 per hour. (ECF No. 50-1 at 2); *see also* (ECF No. 50-2 at 2-3, 5; ECF No. 50-3 at 2-4; ECF No. 50-4 at 2-3). Plaintiff also seeks costs incurred by primary counsel in the amount of $402 (filing fee for complaint) and costs incurred by prior local counsel in the amount of $450 (filing fee for petition for admission to practice *pro hac vice*). (ECF No. ECF No. 50-2 at 4; ECF No. 50-3 at 4). In support of the fees and costs requested, Plaintiff submits Tristao's declaration, Stetson's declaration, timesheets, and itemized expenses.

Attorney Stetson's declaration states that he is a partner and chair of his firm's litigation practice with 18 years of experience, and the other two attorneys Plaintiff seeks fees for from his firm have 9 years (Attorney Gants) and 7 years (Attorney Rummans) of experience. (ECF No. 50-1 at 3). The attached timesheets for Plaintiff's primary counsel lists the tasks performed in this case, (ECF No. 50-2 at 2-3, 5), and reflect that a total of 42.5 hours were spent on this case by the three attorneys for a total of $23,995.50 in fees, *see* (*id.*).

Attorney Tristao's declaration states that he is a partner at his firm with 13 years of experience, and the other attorney Plaintiff seeks fees for from his firm (Attorney Horowitt) has 30 years of experience. (ECF No. 50-5 at 2). The attached timesheets for Plaintiff's current local counsel lists the tasks performed in this case, (ECF No. 50-4 at 2-3), and reflect that a total of 3.75 hours were spent on this case by two attorneys and a legal assistant (Zanoni) for a total of $951.75 in fees, *see* (*id.*).

Finally, the timesheets submitted for work performed by Plaintiff's prior local counsel lists the tasks performed in this case, (ECF No. 50-3 at 2-4), and reflect that a total of 2.1 hours were spent on this case by one attorney for a total of $661.50 in fees, *see* (*id.*).

The Court finds the majority of the requested hourly rates to be reasonable in light of the hourly rates awarded in the Eastern District. *See BMO Harris Bank N.A. v. Ronsher Trans*, Case No. 1:23-cv-00369-ADA-SAB, 2023 WL 4234665 at *10 (E.D. Cal. June 28, 2023) (collecting cases) ("Hourly rates for attorney fees awarded in the Eastern District of California range from $200-$750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years."), adopted by 2023 WL 5673020, at *1 (E.D. Cal. Sep. 1, 2023). Specifically, the Court concludes that the hourly rates for Attorney Tristao, Attorney Horowitt, and Attorney Hamamjian are reasonable in light of their years of experience ranging from 7 to 30 years. *See Siafarikas v. Mercedez- Benz USA, LLC*, Case No. 2:20-cv-01784-JAM-AC, 2022 WL 16926265, at *3 (E.D. Cal. Nov. 10, 2022) (citations omitted) (approving the hourly rate of $250 for an attorney "who has practiced law for three years" and $500 for an attorney "who has practiced law for 21 years").

However, the Court cannot conclude that the hourly rates for Plaintiff's primary counsel, Attorney Stetson, Attorney Gants, and Attorney Rummans, are reasonable in this District. *See Lewis v. Zeno*, Case No. 1:23-cv-00079-KES-FJS, 2026 WL 2676074, at *9 (E.D. Cal. Sept. 11, 2026) (citations omitted) (finding the hourly billing rate of $300 per hour reasonable for an attorney with approximately seventeen years of experience and explaining that an hourly rate exceeding $600 is reserved for attorneys who have been in practice for approximately thirty years); *Sanchez v. Mohawk Indus., Inc.*, Case No. 1:20-cv-1510-JLT-EPG, 2025 WL 2694749, at *40 (E.D. Cal. Sept. 20, 2025) (citations omitted) (explaining that in this district, attorneys with less than ten years' experience are usually awarded fees based on hourly rates between $200 and $400, while attorneys with between twelve and nineteen years of experience are awarded rates of approximately $450 to $500 per hour). The Court notes that the rates for Attorney Stetson, Attorney Gants, and Attorney Rummans are above the rates billed by local counsel in this case.

Accordingly, the Court will recommend adjusting the rate for Attorney Stetson, who has been in practice for 18 years, to $500, and the rates for Attorney Gants, who has been in practice for 9 years, and Attorney Rummans, who has been in practice for 7 years, to $325.

The Court also concludes that the hours expended in this matter, resulting in an adjusted award of $17,840.75, are reasonable. Specifically, the Court notes that other courts in this district have awarded comparable attorney's fees for work on similar cases involving default judgment. *See Kings River Packing LP v. WKS AG Consultants Inc.*, Case No. 1:25-cv-00022-JLT-SKO, 2025 WL 2879326, at *7-8 (E.D. Cal. Oct. 9, 2025) (recommending an award of $17,570.36 in attorney's fees to one counsel and $3,313.07 in attorney's fees to the other based on hourly rates between $350 and $425 for attorneys with 19 to 37 years of experience), adopted by 2025 WL 3143122, at *2 (E.D. Cal. Nov. 10, 2025); *Phillips 66 Co. v. Grainer*, No. 1:13-cv-01890 LJO BAM, at (ECF Nos. 36, 37) (E.D. Cal. 2015) (awarding $12,005.35 in attorney's fees). Therefore, the Court finds that the total amount of attorney's fees sought here with primary counsel's rate adjusted, $17,840.75, is warranted.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's motion for attorneys' fees, (ECF No. 50), be GRANTED, in part, to award attorneys' fees of $17,840.75 and $852.00 for costs.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.**

\\\

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 10, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE